Follett, J.
On May 3, 1883, W. B. King commenced an action in the superior court of Cincinnati, against "W. S. Cappellar, auditor of Hamilton county, and C. A. Miller, treasurer of that county, with a view to an injunction against an assessment under the act of 1883, relating to the traffic in liquors, commonly known as the Scott law, 80 Ohio L. 164. At the same time he filed a motion and an affidavit for an injunction, but, so' far as the record discloses, he never submitted the motion to the court or invoked the action of. the court upon it in any way. The time elapsed when it was the duty of the auditor to complete the special tax list provided for in the act, and to deliver a duplicate thereof to the county treasurer, and when it was the duty of the treasurer to collect the assessment, without any further action on the part of King or his counsel. As the auditor and treasurer were not restrained, it is fair to presume that they performed the duties required of them by the act; and, indeed, for aught that appears in the record, King abandoned his motion for an injunction and voluntarily paid the assessment.
On October 20, 1883, after the assessment, according to the terms of the act, should have been collected, the defendants filed a demurrer to the petition, which demurrer was sustained, and King not desiring leave to amend, the court dismissed the petition. For the reason stated, we would not be authorized to say that it appears that the superior court erred to the prejudice of the plaintiff, even if the petition contained facts sufficient to constitute a cause of action ; and, placing the case on that ground, we would not be warranted in saying that the district court erred in affirming the judgment of the superior court.
But in fact the petition is wholly insufficient. Omitting caption, signature of counsel, and verification, it is as follows.
“ Plaintiff says that he is, and for some time has been, -en *220 gaged in the business and occupation of trafficking in intoxicating liquors, at a place known as 189 Yine street between Fourth and Fifth streets, in the city of Cincinnati; that while so engaged, on or about the thirtieth day of April, 1883, one Martin Mullen, the then assessor of the Eighth ward, of said city, in the performance of his duties as required by a certain act passed by the general assembly of the state of Ohio, on the seventeenth day or April, 1883, entitled, £ An act further providing against the evils resulting from the traffic in intoxicating liquors,’ demanded of this plaintiff a brief and accurate description of the premises where he conducted said business, by whom owned, and whether such business was confined exclusively to the traffic in malt or vinous liquors, or both, which statement and description was duly made, signed and verified by this plaintiff under protest, and the same was returned by said assessor to the defendant, W. S. Cappeller, auditor of Hamilton county;.that the intent and purpose of such statement is that his business may be assessed in the sum of $200, and that the same attach and operate as a lien upon the premises, where this plaintiff carries on his business ; the plaintiff further says that the defendant, W. S. Cappeller, as auditor of Hamilton county, has or is about to make out a duplicate of such assessment, which shall show the time and amount of such assessment and the premises whereon the same is a lien, and to make and deliver a copy of such duplicate to the defendant, Chas. A. Miller, treasurer of Hamilton county, for the purpose of having the assessment of $200 collected ; that the acts of said assessor in demanding such return, and of the defendant, W. S. Cappeller, auditor of Hamilton county, in making a duplicate thereof, and of the defendant, Chas. A. Miller, treasurer of Hamilton county, in collecting the assessment, are illegal, unlawful and wrong, and to the prejudice and damage of the plaintiff, and to allow such acts to be done would produce great and irreparable injury to the plaintiff, and that he is without any adequate remedy at law.
“ Wherefore plaintiff prays that a restraining order issue against W. S. Cappeller, auditor aforesaid, restraining him from placing such assessment and the premises returned upon *221 tlie duplicate of Hamilton county, or making a duplicate thereof, and that Chas. A. Miller, treasurer aforesaid, be restrained from collecting said assessment, and that upon the final hearing of the cause, a perpetual injunction be made restraining the said auditor from placing said assessment on the premises upon the duplicate of Hamilton county, or making a duplicate therefor, and that said treasurer be perpetually enjoined from collecting the assessment, and for such other and further relief as the equity of the "case demands.”,
This, it will be seen, is not an action to recover back money illegally exacted, nor an action by an owner of property to prevent a cloud thereon, nor an action to prevent a multiplicity of suits, nor an action prosecuted by an owner of property on behalf of himself and others in like situation, to restrain an unlawful tax. The petition is that of a single individual. It fails to show whether or not the levy had been placed on the tax list; it fails to show whether King was an owner or tenant, though if we could look into his affidavit we should discover that he is a tenant; it does not aver that the act in question is unconstitutional; nor does it even aver, unless in-, ferentially, that the assessment is illegal; nor does it aver that Miller is about to resort to any extraordinary remedy to collect the assessment, or indeed to' any remedy except to proceed against 'the premises; nor- is any person or corporation for whose benefit the assessment is made, or the owner of the property, a party to the action.
It is very clearly settled in the well considered case of Stephan v. Daniels, 27 Ohio St. 527, 538-5, that, however it may be elsewhere, in this state equity affords no remedy in cases of this class, independently of the statute; and it is equally clear to us that the statute (Rev. Stats. §§ 5848-5851) has provided no remedy in a case like this, upon the allegations here made. Conceding that an auditor may, upon a proper, petition, be restrained from placing an illegal assessment upon the special tax list, we cannot say from the vague, indefinite allegations of this petition, that we have any such case before us.
It is the province of thiscom’t to decide causes, not abstract questions ; and as the whole question here, in this view of the *222 case, is whether the petition shows a case requiring the court to grant equitable relief byway of injunction, we are clear that it is our duty to declare that it presents no such case; for it is not one of defective, but wholly insufficient statement. Van Wert v. Webster, 31 Ohio St. 420. And this view has been adopted after every member of the court has had full opportunity to express his opinion upon it.
On important questions involving the constitutionality of the acts of a co-ordinate branch of the state government, or the soundness of a former decision of this court in relation to such statute, we are unwilling to speak,-nor is it our duty to speak, except as required by the record before us (Ireland v. Turnpike Co., 19 Ohio St. 369, 373); and in this case it is our duty, even sua sponte, to determine whether the petition contains facts sufficient to constitute a cause of action, whatever may be the correct view as to the validity of the act in question.
We therefore hold, first, even assuming that the petition is sufficient, it does not appear, nor, in the circumstances, would we be justified in assuming, that there was prejudice in dismissing the suit or in affirming the dismissal; and, secondly, that assuming, without deciding, that the Scott law, so called, is wholly unconstitutional, still, in view of the vague, uncertain and insufficient allegations of the petition, no ground of relief is stated. Judgment affirmed.